```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW MEXICO
```

In re:
ALEX LOBERA,
        Debtor.                                    No. 7-10-13203-SL

GILA REGIONAL MEDICAL CENTER,
        Plaintiff,

v.                                                 Adv. No. 11-1112 S

ALEX LOBERA,
        Defendant.

**MEMORANDUM OPINION ON DEFENDANT/**
**DEBTOR'S MOTION FOR SUMMARY JUDGMENT**
**ON OBJECTION TO DISCHARGE**
**UNDER 11 U.S.C. § 727(a)**
**AND ON JURISDICTION TO ENTER A**
<u>**MONEY JUDGMENT ON § 523 CLAIM**</u>

This matter is before the Court on Defendant/Debtor Alex Lobera's ("Lobera") Motion for Summary Judgment on 1) Plaintiff's Objection to Discharge under 11 U.S.C. § 727(a) and 2) on this Court's jurisdiction to enter a money judgment on Plaintiff's 11 U.S.C. § 523 claim ("Motion").[1]  Doc 8.  Plaintiff Gila Regional Medical Center ("Gila") responded, doc 10, and Lobera replied, doc 11.[2]  For the reasons set forth below, the Court will deny the Motion.

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (I) and/or (J); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

[2] Gila appears through its attorney Thuma & Walker, P.C. (Thomas D. Walker).  Lobera appears through his attorney the Law Office of George "Dave" Giddens, P.C. (Christopher M. Gatton).

Bankruptcy Rule 7056 adopts Fed.R.Civ.P. 56 on summary judgment. Rule 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a).

> The third sentence of Rule 56(c)[3] provides for the immediate rendition of a judgment in the event that the matters considered by the court on a motion for summary judgment disclose "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This provision, which is the very heart of the summary-judgment procedure, demonstrates that the principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists. If no such issue exists, the rule permits the immediate entry of judgment.
> It necessarily follows from the standard set forth in the rule that when the only issues to be decided in the case are issues of law, summary judgment may be granted.

10A Wright, Miller, Kane and Marcus, Fed. Prac. & Proc. Civ. § 2725 (3d ed.)(Footnotes omitted.)

First, Lobera argues that this Court's Memorandum Opinion on

---

[3]Fed.R.Civ.P. 56 was amended in 2010 and former Rule 56(c) now appears as Rule 56(a). The Advisory Committee Notes for the 2010 amendments state:
> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

-2-

Gila's Motion to Dismiss precludes, either under res judicata or collateral estoppel grounds, Gila's current claims challenging his discharge under section 727.  Second, he argues that the Bankruptcy Court lacks constitutional jurisdiction to determine monetary damages on the state law claims raised in Gila's section 523 claims.  Each will be addressed.  First, the Court will set forth Lobera's proposed undisputed facts:

> 1. Defendant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 25, 2010 (Case No. 7-10-13203-SA).
> 2. On July 21 and 23, 2010, Plaintiff filed a motion to dismiss or convert Defendant"s bankruptcy case (Docket Nos. 14 and 161).
> 3. Said motion was filed twice as the clerk"s office requires motions seeking alternative relief, i.e. conversion or dismissal, to be docketed under each "event code."
> 4. Following a preliminary hearing, Plaintiff and Barton and Associates conducted discovery, including deposing Defendant on September 13, 2010.
> 5. After the completion of discovery, Barton and Associates filed its brief in support of Plaintiff"s motion for conversion or dismissal of Defendant"s bankruptcy case on September 14, 2010 (Docket No. 27).
> 6. On September 15, 2010, Plaintiff filed its brief in support of its motion for conversion or dismissal (Docket No. 32).
> 7. Although Plaintiff and Barton and Associates originally appeared to base their grounds for conversion or dismissal solely on Defendant"s income, following discovery Plaintiff argued that the totality of the circumstances warranted conversion or dismissal, including "various inconsistencies, incomplete schedules and statement of affairs and transfers." See Docket Nos. 32, 69.
> 8. Trial on Plaintiff"s motion to dismiss or convert took place on September 16, 2010, and October 14, 2010, with the deposition of Defendant"s girlfriend, Ms. Quiroz, occurring between the two trial dates on September 30, 2010.
> 9. On March 16, 2011, the Court entered its Order

denying Plaintiff's motion to dismiss or convert (Docket No. 51), and issued a 66 page Memorandum Opinion Regarding Gila Regional Medical Center"s Motion to Dismiss or Convert Case to Chapter 11 (the "Memorandum Opinion") setting forth extensive findings of fact and conclusions of law (Docket No. 50).

10. Plaintiff filed its Complaint Objecting to Discharge Under 11 U.S.C. § 727(a) and to Determine Dischargeability under 11 U.S.C. § 523(a)(2)(A) and for a Non-Dischargeable Money Judgment (the "Complaint") on July 5, 2011, (Docket No. 69), which initiated this adversary proceeding.

11. The Court specifically found in the Memorandum Opinion that it:

> had no sense that Debtor, or for that matter Ms. Quiroz, had attempted to hide assets from the Court or creditors, or had attempted to hide transactions that would result in recoveries by a trustee. Both seemed completely honest. The Court also finds that Debtor appeared, and actually admitted, that the financial matters over the last year have caused him great stress and embarrassment, and this may have impeded his ability to be more effective in the preparation of his bankruptcy. It is also apparent that he relied on his counsel, perhaps more than he should have, but in a way which was not unreasonable under the circumstances. In sum, the Court found Debtor to be an honest debtor deserving of bankruptcy relief.

Memorandum Opinion, page 20-21.

12. The Court also found that:

> [t]here is not a good faith requirement for a non-consumer business debtor to file a Chapter 7 case. Even if there were such a requirement, GRMC and Barton have failed to prove by a preponderance of the evidence that Debtor initiated this Chapter 7 case in bad faith. To the extent only an honest and deserving debtor is eligible to file a Chapter 7 petition, the Court finds that the Debtor is eligible. The facts elucidated and arguments made by GRMC and Barton are addressable by less drastic remedies than dismissal. For example, to the extent they established facts which could suggest that a trustee could recover preferences or fraudulent transfers, the case trustee is fully competent to investigate those transfers and recover them if proper. The Court therefore finds

-4-

>              that the transactions alleged do not constitute
>              cause.  Finally, the Court finds Debtor's
>              testimony regarding omitted items credible, and
>              finds no evidence that Debtor attempted to hide
>              assets or hinder their discovery.
>     Memorandum Opinion, page 60 (emphasis added).
>     13. In the Complaint, Plaintiff now alleges as grounds
>     for its objection to Defendant's discharge the same
>     facts that it previously alleged in its brief and at
>     trial on dismissal or conversion.  <u>See</u> Docket Nos. 32,
>     50, and 69.
>     14. In addition to challenging Defendant's discharge
>     and the dischargeability of its debt, Plaintiff
>     incorporated by reference a state court complaint and
>     is seeking a monetary judgment in an amount to be
>     proven at trial.

Gila does not dispute any material facts.  Rather, it argues that all of the facts are not relevant to their adversary proceeding and it disagrees on the application of the law to those facts.

**<u>PRECLUSION</u>**

Lobera's preclusion arguments focus on this Court's earlier Memorandum Opinion and accompanying Order regarding the Motion to Dismiss or Convert this bankruptcy case.  This was a federal ruling made by a federal court on a federal question of bankruptcy law.  The Court therefore applies federal preclusion law to the issues in this adversary proceeding.  <u>See</u> <u>Petromanagement Corp. v. Acme-Thomas Joint Venture</u>, 835 F.2d 1329, 1332 (10th Cir. 1988)("Section 87 of the Restatement (Second) of Judgments (1982) ... establishes the following general rule: 'Federal law determines the effects under the rules of res judicata of a judgment of a federal court.'  If the prior judgment of the federal court is based on federal law, then the

-5-

application of this rule seems uncontroversial.")(Citations omitted.)

First, the Court will review Gila's Motion to Dismiss or Convert. In that motion, Gila argued that there was "cause" to dismiss the chapter 7 case or, alternatively, that it should be converted to chapter 11. Bankruptcy Code section 707(a) allows the court to dismiss a Chapter 7 case "for cause." As cause, Gila cited Debtor's high monthly income, high disposable income, excessive and inflated monthly expenses and an alleged omission of assets from his schedules. It also urged the Court to review the totality of the circumstances and to bar refiling another Chapter 7 bankruptcy for one year. Alternatively, it sought conversion to a Chapter 11 in which Gila believed the Debtor could easily fund a plan in the amount of $33,000 per month.

"Cause" is not defined in the Bankruptcy Code. Nor is "cause" limited to the three examples set forth in section 707(a)[4]. However, bankruptcy courts do not enjoy untrammeled discretion to dismiss a bankruptcy case. <u>Bucurescu v. 190A Realty Corp. (In re Bucurescu)</u>, 282 B.R. 124, 133 (S.D. N.Y. 2002). Instead, they must engage in case-by-case analysis to determine what constitutes "cause" sufficient to warrant dismissal and must consider the best interest of all parties in

---

[4]Section 102(3) states that the terms "includes" and "including" are not limiting.

interest.  Id.  (Citations omitted.)

If the Court had granted the motion to dismiss, section 349(a) ("Effect of dismissal") would apply:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

Next, the Court will review Gila's current adversary proceeding.  Gila alleges that Debtor failed to disclose assets and liabilities in his Schedules; failed to disclose transfers in the Statement of Financial Affairs ("SFA"); failed generally to answer the questions in the SFA accurately, honestly and in good faith; amended his Schedules and SFA after discovery, but failed to do so completely and that additional relevant facts came out during the hearing on the Motion to Dismiss or Convert; failed in particular to adequately disclose a transaction in which he transferred his interest in Lobera Imaging to a third party in exchange for an employment agreement and $400,000 in cash and failed to disclose that he was a director of Lobera Imaging; failed to disclose his use of the $400,000 which included transfers to insiders and conversion of it into exempt property; failed to disclose significant gifts and preferential transfers to related parties; failed to identify his ex-wife or current alleged common-law wife in the SFA.  Gila argues that these

-7-

allegations establish that 1) Debtor transferred, removed, destroyed or concealed property (or attempted to do so) in the year before filing, 2) he failed to keep or preserve records of these activities to enable a determination of his financial condition, 3) his actions and omissions constituted a false oath or account, 4) his actions constitute a knowing and fraudulent attempt to obtain money or an advantage for acting or forbearing to act, 5) he is unable to explain the inability to pay his debts and 6) the actions and omissions also concern an insider. The remainder of Gila's adversary proceeding seeks a determination that its claim is nondischargeable under section 523.

## A. **Collateral Estoppel.**

> Collateral estoppel, or issue preclusion, is designed to prevent needless relitigation and bring about some finality to litigation. <u>United States v. Botefuhr</u>, 309 F.3d 1263, 1282 (10th Cir. 2002). Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim. <u>Park Lake Res. Ltd. Liab. Co. v. USDA</u>, 378 F.3d 1132, 1136 (10th Cir. 2004).

<u>Moss v. Kopp</u>, 559 F.3d 1155, 1161 (10th Cir. 2009)(Footnote omitted.)

> Collateral estoppel will bar a claim if four elements are met: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

-8-

Id. (Citing Frandsen v. Westinghouse Corp., 46 F.3d 975, 978 (10th Cir. 1995)).

The Court's earlier Memorandum Opinion discussed Gila's motion to dismiss or convert case to Chapter 11.  One message of that Memorandum Opinion was that if a situation was governed by another section of the bankruptcy code with a less drastic remedy than dismissal, that situation was probably not "cause" to dismiss the case because a dismissal would moot the less drastic remedy.  In the end, the Court found that there was no "cause" to dismiss.

Gila's current adversary proceeding is based, in part, on Bankruptcy Code section 727(a), which provides in relevant part:

> (a) The court shall grant the debtor a discharge, unless--
> ...
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>     (A) property of the debtor, within one year before
>         the date of the filing of the petition; or
>     (B) property of the estate, after the date of the
>         filing of the petition;
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
>     (A) made a false oath or account;
>     (B) presented or used a false claim;

-9-

>               (C) gave, offered, received, or attempted to
>               obtain money, property, or advantage, or a promise
>               of money, property, or advantage, for acting or
>               forbearing to act; or
>               (D) withheld from an officer of the estate
>               entitled to possession under this title, any
>               recorded information, including books, documents,
>               records, and papers, relating to the debtor's
>               property or financial affairs;
>       (5) the debtor has failed to explain satisfactorily,
>       before determination of denial of discharge under this
>       paragraph, any loss of assets or deficiency of assets
>       to meet the debtor's liabilities;
>       (6) the debtor has refused, in the case--
>               (A) to obey any lawful order of the court,
>               other than an order to respond to a material
>               question or to testify;
>               ....
>       (7) the debtor has committed any act specified in
>       paragraph (2), (3), (4), (5), or (6) of this
>       subsection, on or within one year before the date of
>       the filing of the petition, or during the case, in
>       connection with another case, under this title or under
>       the Bankruptcy Act, concerning an insider[.]

The Court's Memorandum Opinion did not make findings of fact applicable to the elements of section 727(a). It did make some specific findings that the specific actions proved by Gila (and admitted to by the Debtor) were not sufficient to establish "cause" to dismiss. In fact, the Memorandum left open the issue of whether further actions might be pursued if the Chapter 7 case continued. The Court did state that, based on the evidence presented, it found no evidence that the Debtor attempted to hide assets or hinder their discovery. However, the focus of the motion was "cause" for dismissal including an argument that a large disposable income was sufficient bad faith to constitute "cause." There was no necessity for Gila to introduce all

-10-

evidence of attempts to hide assets or hinder their discovery because that was not the focus of the motion.  Similarly, there was no need for Gila to introduce evidence of the other elements of section 727.

In summary, the Court finds that the issue previously decided is not identical with the one presented in the action currently before the Court.  Therefore, collateral estoppel does not apply.

**B.   Res judicata.**

> The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment. [Satsky v. Paramount Communications, Inc., 7 F.3d 1464], 1467 [(10th Cir. 1993)].  Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits.  <u>Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards</u>, 314 F.3d 501, 504 (10th Cir. 2003).  If these requirements are met, res judicata is appropriate unless the party seeking to avoid preclusion did not have a "full and fair opportunity" to litigate the claim in the prior suit. <u>Yapp v. Excel Corp.</u>, 186 F.3d 1222, 1226 n. 4 (10th Cir. 1999).

<u>MACTEC, Inc. v. Gorelick</u>, 427 F.3d 821, 831 (10th Cir. 2005). Although this Court treated the "full and fair opportunity" to litigate as an exception to application of res judicata, it noted that earlier cases had required that as an element:

> In a number of our cases, we have characterized the "full and fair opportunity to litigate" as a fourth requirement of res judicata.  See, e.g., <u>Plotner v. AT & T Corp.</u>, 224 F.3d 1161, 1168 (10th Cir. 2000).

-11-

> However, as we noted in Yapp, the absence of a full and
> fair opportunity to litigate is more appropriately
> treated as an exception to the application of claim
> preclusion when the three referenced requirements are
> met. Yapp, 186 F.3d at 1226 n.4.

Id. at 831 n.6.

> To determine what constitutes a "cause of action" for
> preclusion purposes, this court has adopted the
> "transactional approach" found in the Restatement
> (Second) of Judgments § 24. Petromanagement Corp. v.
> Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th
> Cir. 1988). Under this approach, a cause of action
> includes all claims or legal theories of recovery that
> arise from the same transaction. Id.

Id. at 832.

> "The transactional approach provides that a claim
> arising out of the same 'transaction, or series of
> connected transactions' as a previous suit, which
> concluded in a valid and final judgment, will be
> precluded." Yapp, 186 F.3d at 1227. "What constitutes
> the same transaction or series of transactions is 'to
> be determined pragmatically, giving weight to such
> considerations as whether the facts are related in
> time, space, origin, or motivation, whether they form a
> convenient trial unit, and whether their treatment as a
> unit conforms to the parties' expectations or business
> understanding or usage.'" Id. (quoting Restatement
> [Second of Judgments] § 24).

Hatch v. Boulder Town Council, 471 F,3d 1142, 1149 (10th Cir.

2006).

> As a leading commentator explains, "[a] subsequent
> action that simply alleges new facts in support of
> claims asserted in a prior action will usually not
> avoid application of the claim preclusion doctrine.
> However, if such [new] facts _in themselves_ establish
> _independent grounds_ for a claim against the defendants
> in the previous action, claim preclusion does not
> apply." See 18 James William Moore, Moore's Federal
> Practice § 131.22[1], at 131-55 (3d ed. 2006) (emphasis
> added).

-12-

Id. at 1150 n.8.

In this adversary proceeding, it is clear that all elements of res judicata are met except the identity of the cause of action in the two matters. The Court finds they are different. The motion to dismiss or convert was not concerned with the behaviors proscribed by section 727. Therefore, evidence of the actions proscribed by 727, while possibly relevant, are not an essential part of the proof of a 707 dismissal motion. And, the relief sought in the two matters is different. A dismissal does not impact the Debtor's right to seek a discharge in the future. Section 349. A denial of discharge bars discharge of the debts in a future case. Section 523(a)(10).

In summary, the Court finds that the issue previously decided is not related to the transactions presented in the action currently before the Court. Therefore, res judicata does not apply.

**LOBERA'S JURISDICTIONAL ARGUMENT**

Lobera agrees that this Court has jurisdiction to determine the dischargeability of his debts to Gila, but argues that it lacks the jurisdiction to enter a money judgment on the claims. He cites Stern v. Marshall, 564 U. S. ____, 131 S. Ct. 2594 (2011). The Court believes that this argument extends the Stern holding too far.

First, this Court is bound to apply the law established by

-13-

the Court of Appeals for the Tenth Circuit unless it is subsequently overruled by a United States Supreme Court ruling or a Tenth Circuit en banc ruling.  In Johnson v. Riebesell (In re Riebesell), 586 F.3d 782, 793-94 (10th Cir. 2009) the Tenth Circuit unequivocally ruled that bankruptcy courts have jurisdiction to enter a money judgement as a part of a core adversary proceeding.

    This Court finds that Stern is not to the contrary.  Stern dealt with jurisdiction based on 28 U.S.C. § 157(b)(2)(C) ("counterclaims by the estate against persons filing claims against the estate").  The Court's jurisdiction in this adversary proceeding is based on 28 U.S.C. § 157(b)(2)(I) ("determinations as to the dischargeability of particular debts").  Stern ruled that the estate's counterclaim far exceeded the contours of the relief sought by the claimant, the claim being for defamation – that debtor had wrongly claimed that claimant had tortiously interfered with her right to receive an inheritance – and the counterclaim being for damages and punitive damages under Texas law (on which there was no controlling Texas authority) for that alleged tortious interference.  "There thus was never reason to believe that the process of ruling on Pierce's proof of claim would necessarily result in the resolution of Vickie's counterclaim."  564 U.S. at ___, 131 S. Ct. at 2617-18.  On the other hand, inherent in the process of determining

-14-

dischargeability at some point, whether in the bankruptcy court or some other forum, is the process of determining whether there is a debt owed which will be nondischargeable.  One of the core functions of the bankruptcy process is (and has always been) to determine "allowance or disallowance of claims against the estate".  28 U.S.C. § 157(b)(2)(B).  Nothing in Stern even remotely suggests otherwise, of course.  As well, the bankruptcy court is authorized to "adjust the debtor-creditor ... relationship", 28 U.S.C. § 157(b)(2)(O), and administer the case.  28 U.S.C. § 157(b)(2)(A).  All of these functions embrace in some way the process of liquidating the claim itself.

And if, as in Stern, a creditor can be held to have agreed to the Court's jurisdiction by filing a proof of claim, 564 U.S. at ___, 131 S. Ct. at 2608, even more so should a debtor who has filed the bankruptcy case and in effect asked the bankruptcy court to administer it in its many aspects.  Riebesell is quite instructive on this point in its discussion of the bankruptcy court's jurisdiction to liquidate the debt and enter a monetary judgment against the debtor:

> According to the circuit courts that have considered this issue, bankruptcy courts do possess such jurisdiction. See, e.g., Morrison [v. W. Builders of Amarillo, Inc. (In re Morrison)], 555 F.3d [473] at 478-480 [(5th Cir. 2009)]; Cowen v. Kennedy (In re Kennedy), 108 F.3d 1015, 1017-18 (9th Cir. 1997); Longo v. McLaren (In re McLaren), 3 F.3d 958, 965-66 (6th Cir. 1993); cf. Porges v. Gruntal & Co. (In re Porges), 44 F.3d 159, 163-65 (2d Cir. 1995) (holding bankruptcy court had jurisdiction to enter money judgment after

-15-

determining validity of contested proof of claim, even after voluntary dismissal of bankruptcy case); N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496, 1507-08 (7th Cir. 1991) (rejecting debtor's claim of a right to jury trial on underlying debt in dischargeability proceeding). The reasons usually given include: 1) determination of the debt lies within the equitable jurisdiction of the bankruptcy court; 2) the debtor by filing bankruptcy has consented to jurisdiction of the bankruptcy court over matters necessary to the determination of adversarial proceedings; and 3) judicial economy and efficiency require that the bankruptcy court be empowered to settle both the dischargeability of the debt and the amount of the monetary judgment. See, e.g., Hallahan, 936 F.2d at 1507-08. Our prior case law is not inconsistent with these rationales. See generally RTC v. McKendry (In re McKendry), 40 F.3d 331, 336 (10th Cir. 1994) ("In bankruptcy court there are two separate and distinct causes of action[.] One cause of action is on the debt and the other cause of action is on the dischargeability of that debt." (quotation omitted)). Finding these cases persuasive, we conclude that the bankruptcy court had jurisdiction to enter a monetary judgment against Mr. Riebesell as a part of this adversarial proceeding.

Id. at 793-94 (emphasis added).

**CONCLUSION**

For the reasons stated, the Court finds that Defendant/Debtor Alex Lobera's Motion for Summary Judgment is not well taken and should be denied. The Court will enter an Order denying the Motion.

     *[signature]*

     Honorable James S. Starzynski
     United States Bankruptcy Judge

Date Entered on Docket: August 9, 2012

-16-

Copies to:

Thomas D Walker
500 Marquette Ave NW
Albuquerque, NM 87103

Christopher M Gatton
Law Office of George Dave Giddens, PC
10400 Academy Rd., #350
Albuquerque, NM 87111